## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE UNION LABOR LIFE INSURANCE COMPANY, a Maryland corporation, on behalf of one or more of its Separate Accounts, | )<br>)<br>) Civil Action No.<br>) |
| *Plaintiff*, | )<br>)<br>) |
| v. | )<br>)<br>) |
| STATLER CLEVELAND HOLDING, LLC, | )<br>)<br>) |
| *Defendant*. | ) ELECTRONICALLY FILED |

### COMPLAINT IN ACTION FOR MORTGAGE FORECLOSURE

Plaintiff, The Union Labor Life Insurance Company, a Maryland corporation, on behalf of one or more of its Separate Accounts ("**ULLICO**"), by and through its undersigned counsel, brings this Complaint in Action for Mortgage Foreclosure against Defendant, Statler Cleveland Holding, LLC ("**Statler**") (collectively with ULLICO, the "**Parties**"), and in support thereof avers as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff, The Union Labor Life Insurance Company, is a corporation organized and existing under the laws of Maryland, with its principal place of business located at 8403 Colesville Road, Silver Spring, Maryland 20910.

2. Defendant, Statler Cleveland Holding, LLC, is a limited liability company organized under the laws of Delaware, with its principal place of business located at 127 Public Square, 4000 Key Tower, Cleveland, Ohio 44114.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, and the action is between citizens of different states.

4. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because the real property that is the subject of this action is situated in this district.

## The Loan Documents

5. On July 15, 2022, the Parties entered into a Loan Agreement pursuant to which ULLICO loaned Statler the original principal amount of $52,000,000 (the "**Loan**"). A true and correct copy of the Loan Agreement is attached hereto as Exhibit "A" and incorporated by reference as if fully set forth herein.

6. On July 15, 2022, Statler executed a Promissory Note (the "**Note**") in favor of ULLICO in the original principal amount of $52,000,000. A true and correct copy of the Note is attached hereto as Exhibit "B" and incorporated by reference as if fully set forth herein.

7. The Note was secured by an Open-End Mortgage, Security Agreement and Fixture Filing dated July 15, 2022, and recorded on July 18, 2022, in the Cuyahoga County Office of Fiscal Officers (the "**Recorder's Office**") at Instrument No. 202207180578 (the "**Mortgage**"). A true and correct copy of the Mortgage is attached hereto as Exhibit "C" and incorporated by reference as if fully set forth herein.

8. On or about July 15, 2022, Statler also executed an Assignment of Rents, Leases and Profits (the "**Assignment**"), assigning all rents, issues, profits, revenues, royalties, rights, benefits and all license fees, concession fees, charges, rights, benefits and all other payments of any kind and all payments made on account of operating expenses and real estate taxes and other similar items whether categorized as rent, additional rent or otherwise of the Real Property (defined below) to ULLICO.

9. The Assignment was recorded on July 18, 2022, in the Recorder's Office at Instrument Number 202207180579. A true and correct copy of the Assignment is attached hereto as Exhibit "D" and incorporated by reference as if fully set forth herein.

10. The security interest in the Personal Property and Fixtures (defined below) granted by the Mortgage was further secured by a UCC-1 Financing Statement (the "**Financing Statement**"). A true and exact copy of the Financing Statement is attached hereto as Exhibit "E" and incorporated by reference as if fully set forth herein.

11. The Loan Agreement, Note, Mortgage, Assignment, Guaranty, Financing Statement and all other documents evidencing and securing the Loan shall hereinafter be collectively referred to as the "**Loan Documents**".

## Property Subject to the Mortgage

12. Pursuant to the Mortgage, ULLICO holds a first-priority lien on certain real property located in Cuyahoga County, Ohio, consisting of two parcels, more fully described in Exhibit "F" attached hereto and made a part hereof (the "**Real Property**").

13. The Mortgage also grants a valid and enforceable first-priority lien on, among other things, all personal property and fixtures used on or in connection with the Mortgaged Property, (collectively, the "**Personal Property and Fixtures**") as more particularly described in the Mortgage.

14. The Note and Mortgage have matured in accordance with their terms and, therefore, the entire unpaid principal balance, accrued interest, and all other sums evidenced by the Note or evidenced or secured by the Mortgage, are due and payable without further notice or demand.

15. ULLICO has the right to foreclose upon the Real Property and Personal Property and Fixtures (collectively, the "**Property**"), and/or to exercise all other rights and remedies under the Loan Documents.

16. Pursuant to Ohio law, ULLICO elects to proceed as to the Property in accordance with the rights and remedies available to ULLICO under the Loan Documents.

## Interests of the Parties

17. ULLICO is the holder of the Note and Mortgage and is the first lien, secured creditor under the Loan Documents with respect to the Property.

18. Statler is the fee owner of the Real Property, and the owner of the Personal Property and Fixtures.

19. There are no remaining grace, notice, or other cure periods available to Statler under the Loan Documents or applicable law.

## Defaults

20. Various events of default have occurred under the Loan Documents including, *inter alia*, Statler's failure to: (1) make timely payments when due and, in particular, by failing to make the payments due and owing to ULLICO for the period of August 1, 2024 to the present; and (2) repay the entire amount due under Loan and Loan Documents on or before the Maturity Date of January 1, 2025 (collectively, the **"Defaults"**). *See* Ex. A, Loan Agreement ¶ 9.01(A)(B); and Ex. C, Mortgage ¶¶ 5.1.1, 5.1.2, 5.1.6 and 5.1.10.

21. Among other remedies, in the event of a Default, the Loan Agreement provides that ULLICO may:

> Section 10.02. Remedies - Other Events. Except as set forth in Section 10.01 above, while any Event of Default exists, Lender may (1) by written Notice to Borrower, declare the entire Loan to be immediately due and payable without further presentment, demand, protest, notice of protest or dishonor, notice of intent to accelerate the maturity thereof, notice of acceleration of the maturity thereof, or other notice of default of any kind, all of which are hereby expressly waived by Borrower, (2) terminate the obligation, if any, of Lender to advance amounts hereunder, and (3) exercise all rights and remedies therefor under the Loan Documents and at law or in equity.
>
> Section 10.03. Additional Security. As additional security for Borrower's obligations under this Agreement and the Loan Documents, Borrower irrevocably assigns to Lender, and grants to Lender a security interest in, (i) its interest in all Loan proceeds held by Lender, whether or not disbursed, (ii) all funds deposited by Borrower with Lender under this Agreement or any of the Loan Documents, and (iii) all governmental permits and licenses obtained for the lawful operation of the Mortgaged Property.

*See* Ex. A, Loan Agreement ¶¶ 10.02, 10.03.

22. In the event of a default by Statler, the Mortgage provides the following remedies to ULLICO:

> 6.1.1 by notice to Mortgagor, declare the entire principal amount under the Note then outstanding, and all accrued and unpaid interest thereon, to be immediately due and payable, and upon such declaration such principal amount and said accrued and unpaid interest and all other Secured Obligations shall become and be immediately due and payable, anything in the Note or in this Mortgage to the contrary notwithstanding;

*See* Ex. C, Mortgage ¶ 6.1.1.

23. By reason of the foregoing Defaults, and pursuant to the provisions of the Loan Documents, ULLICO delivered a written notice of default to Statler with respect to the Defaults on or about February 4, 2025 ("**Default Notice 1**"). A true and correct copy of Default Notice 1 is attached hereto as Exhibit "G" and incorporated by reference herein.

24. Statler has not cured the Defaults.

25. On or about August 25, 2025, ULLICO sent a second Notice of Default (the "**Default Notice 2**") to Statler with respect to Statler's failure to pay the entire outstanding principal balance of the Loan on or before August 1, 2025. A copy of the Default Notice 2 is attached hereto and marked as Exhibit "H" and incorporated by reference herein.

26. Statler has failed to cure the Defaults.

5

### Itemized Statement of Amount Due

27. As of August 14, 2025, Statler's indebtedness to ULLICO under the Loan Documents—exclusive of attorneys' fees and costs which have not yet posted to Statler's account—was $60,741,703.69 (the "**Debt**"). An itemized statement of the Debt is set forth in Paragraph 31 below and attached hereto as Exhibit "I" and incorporated by reference herein.

28. Pursuant to the terms of the Loan Documents, ULLICO also seeks recovery of all costs, fees, and expenses incurred in this action.

### Demand for Judgment

29. Statler is in default of the Loan Documents and, as a result, the entire unpaid principal balance, interest, late fees, attorneys' fees and costs, and all other sums due under the Loan Documents, are collectible forthwith.

30. As a result of Statler's Defaults, ULLICO is also entitled to the immediate appointment of a receiver. *See* Ex. C, Mortgage ¶ 6.2.

31. As of August 14, 2025, in addition to other charges presently not calculated, Statler was obligated to ULLICO under the Loan Documents, as follows:

| | |
|---|---|
| Principal Balance: | $52,000,000.00 |
| Interest: | $299,000.00 |
| Default Interest: | $7,435,638.88 |
| Late Fees: | $463,558.33 |
| Advances: | $543,506.48 |
| **Total Due:** | **$60,741,703.69** |

32. Interest accrues at the rate of $8,305.56 per diem, with additional default interest accruing at the rate of $18,055.56 per diem.

33. All notices and demands to Statler have been made by ULLICO in accordance with the terms of the Loan Documents.

WHEREFORE, Plaintiff, The Union Labor Life Insurance Company, requests: (i) that a judgment of foreclosure be entered in its favor against Defendant, Statler Cleveland Holding, LLC, in the amount of not less than **$60,741,703.69**, together with interest continuing at the interest rate and default interest rate set forth in the Notes, plus attorneys' fees and costs of collection, which continue to accrue, and all costs of preserving and maintaining the Property, including without limitation all costs associated with any receivership; (ii) a decree by this Court forever barring and foreclosing Defendant's rights and equity of redemption in the Property; (iii) an Order directing that the Property be sold and the Debt be paid out of the proceeds of the sale; and (iv) any such other and further relief this Court deems necessary or appropriate.

Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP

*/s/ Jason M. Yarbrough*
Jason M. Yarbrough (#0096217)
jmy@muslaw.com

Robert E. Dauer, Jr. (PA #61699)
*Pending Pro Hac Vice Admission*
red@muslaw.com

Firm No. 199
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: (412) 456-2800

ATTORNEYS FOR PLAINTIFF

Dated: September 25, 2025

4927-1498-1737, v. 3