IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| The Union Labor Life Ins. Co., | Case No. 1:25cv2042 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Statler Cleveland Holding, LLC | ORDER |
| Defendant. | |

On September 25, 2025, Plaintiff The Union Labor Life Ins. Co. filed a Complaint In Action for Mortgage Foreclosure against Defendant Statler Cleveland Holding LLC. (Doc. No. 1.) Therein, Plaintiff alleges that this Court has subject matter jurisdiction over this action because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Specifically, Plaintiff alleges that:

1. Plaintiff, The Union Labor Life Insurance Company, is a corporation organized and existing under the laws of Maryland, with its principal place of business located at 8403 Colesville Road, Silver Spring, Maryland 20910.

2. Defendant, Statler Cleveland Holding, LLC, is a limited liability company organized under the laws of Delaware, with its principal place of business located at 127 Public Square, 4000 Key Tower, Cleveland, Ohio 44114.

(*Id.* at ¶¶ 1, 2.)

The diversity statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). The citizenship of a limited liability company, however, is not determined by its state of organization and principal place of

business. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Instead, a limited liability company has the citizenship of each of its members. *Id*. Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id*.

Here, Plaintiff has failed to sufficiently identify the citizenship of each of the members of Defendant Statler Cleveland Holding LLC. Accordingly, **by no later than October 14, 2025**, Plaintiff shall file a Supplement on the docket identifying the citizenship of all of the members (and sub-members, if any) of Defendant at the time the Complaint was filed. If any of Defendant's members are individuals, Plaintiff shall identify the states of citizenship (as opposed to residency) of any such individuals. *Prime Rate Premium Finance Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("[A] mere averment of residence" does not aver citizenship, *id.*, so "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.") (quoting *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)).

IT IS SO ORDERED.

Date:  September 30, 2025

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE