FILED

Dec 17 2007

United States District Court
Northern District of Ohio
General Order

**AMENDED GENERAL ORDER NO. 2006-16**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: PROCEDURES FOR | ) | |
| FORECLOSURE ACTIONS BASED | ) | ORDER NO. 2006-16-6 |
| ON DIVERSITY JURISDICTION | ) | |
| | ) | |

In light of the increased number of private foreclosure actions being filed, and because of the time consuming and paper intensive nature of the proceeding, the United States District Court for the Northern District of Ohio has determined it is necessary to adopt a general order to create uniform procedures.

The Court has determined that the United States Marshal has neither the personnel nor the resources to process the large number of foreclosure cases pending in the Northern District of Ohio.  Therefore, pursuant to OHIO REV. CODE § 2329.34, the Judicial Officer may appoint a master commissioner in foreclosure cases to administer these actions pursuant to this order.

This General Order applies to all pending foreclosure cases and new foreclosure cases filed in the United States District Court for the Northern District of Ohio.  Pending foreclosure actions shall be granted an automatic thirty (30) day leave to amend pleadings to conform with this General Order. Additional time, not to exceed thirty (30) days, may be granted upon good cause shown.

## I.      The Complaint and Service

**1.1**      The complaint, all accompanying documents and the filing fee in all foreclosure cases shall be filed electronically (http://www.ohnd.uscourts.gov/Electronic_Filing/electronic_filing.html).

**1.2**      The complaint must be accompanied by the following:

**1.2.1**   Evidence of record title to the subject property (Preliminary Judicial Report), prepared by a responsible title and abstract company, based upon an independent examination and/or search of public records, dated not more than thirty (30) days prior to the filing of the complaint.

**1.2.2**   A written payment history, verified by plaintiff's affidavit, that the amount in controversy (the delinquent mortgage principal) exceeds the monetary jurisdictional amount ($75,000.00) exclusive of interest, costs and attorney's fees.

**1.2.3**   A legible copy of the promissory note and any loan modifications.  If no promissory note is attached, an affidavit of lost note or loan modification shall be included.  The note must contain the contracted for fixed interest rate.  If the rate is variable, an affidavit detailing the relevant interest rate changes must be included.

**1.2.4**   A full recorded copy of the mortgage.

**1.2.5**   An affidavit documenting that the named plaintiff is the owner and holder of the note and mortgage, whether the original mortgagee or by later assignment.  The following is acceptable documentation: (a) if the plaintiff is the original holder of the note and mortgage, the copies of the note and mortgage (see Sections 1.2.3 and 1.2.4); or (b) if the plaintiff is not the original holder of the note and mortgage, a copy of the assignment of the note and mortgage from the

original holder to the plaintiff, executed and effective prior to the filing of the complaint.

**1.3**    The plaintiff shall serve the complaint in the manner required under Local Rule 4.2.  Service by publication shall be required if the complaint is not served by certified mail, ordinary U.S. mail or by personal service in accordance with Local Rule 4.2.  Before service by publication can be made, a Motion for Service by Publication shall be filed with the following attachments:

(a)    An affidavit detailing all of the service efforts to date;

(b)    A legal notice to appear in a newspaper of general circulation;

(c)    Instructions to the Clerk for processing the notice if the motion is granted, including the name of the publication where the notice should be sent, length of publication and the plaintiff's address where the publication should bill costs.

The Plaintiff is required to file a proof of publication.

**1.4**    The plaintiff shall file with the Recorder of the respective county a notice of filing foreclosure action in the U.S. District Court.  The notice shall include the name of the mortgagor, the address of the property, the parcel number and the recorder's number.

**II.    Default**

**2.1**    If the defendant property owner or lien holder(s) does not file an answer, and upon application of plaintiff, the Clerk shall enter the default on the record.

**2.2**    Plaintiff shall file a motion for default judgment and a proposed judgment entry within thirty (30) days after the entry of default, which shall be served on the defaulting party by ordinary U.S. Mail.  The plaintiff shall file proof

of service of said motion by filing a Certificate of Mailing with the court.  The

motion must be accompanied by proof of service of the complaint, an affidavit

containing the payment history reflecting the amount owed as of the date of the

motion and a statement attesting that the defendant(s) is not incompetent, a

minor, or serving in the military.  Evidence of record title to the subject property

(Final Judicial Report), prepared by a responsible title and abstract company,

based upon an independent examination and/or search of public records shall be

submitted with the Motion for Default Judgment or Decree in Foreclosure.

> **2.3**    If requested by a party within fourteen (14) days after the filing of

the motion for default judgment, a hearing shall be scheduled within thirty (30)

days, with notice by the Clerk via ordinary mail to the defendant property owner.

> **2.4**    Upon the entry of a default judgment, the property owner has ten

(10) days to satisfy the default judgment.

## III.    Procedure for Foreclosure Sales

> **3.1**    Upon the entry of a judgment and the failure of the property owner

to satisfy the judgment, the plaintiff shall electronically file a Motion for an Order

of Sale, not sooner than ten (10) days after entry of default judgment but no later

than twenty (20) days after, which will include the address, parcel number and a

legal description of the property.  The motion shall be accompanied by a deposit

of $1,400 to cover the estimated costs, including the appraisal ($900) required by

OHIO REV. CODE § 2329.17 and the fee for the master commissioner ($500).

> **3.2**    Upon approval of the motion for the sale, the Judicial Officer shall

appoint a master commissioner from the Court's approved panel to conduct the

sale.

**3.3** The master commissioner shall order an appraisal of the subject property by three State of Ohio licensed or certified appraisers pursuant to OHIO REV. CODE § 2329.17.

**3.4** The master commissioner shall file the appraisal electronically with the Clerk.  The appraisal sheet shall include the tax value and the appraisal amount.

**3.5** The master commissioner shall designate a time and place for the public sale and direct plaintiff's counsel to prepare the public notice for publication pursuant to OHIO REV. CODE §§ 2329.26 and 2329.27 and require the publication to include an accurate description of the property and the appraised value.  However, in deference to 28 U.S.C. § 2002 the notice shall be published for at least four weeks.   The master commissioner shall select the newspaper of general circulation in the county where the property is located for the publication. The master commissioner shall approve the proposed publication.  The plaintiff is required to file a Certificate of Mailing with the Clerk indicating that all parties were served with a copy of the Notice of Sale.

**3.6** The master commissioner shall conduct the public sale at the United States Federal Courthouse closest to the county where the property is located, unless otherwise ordered by the Judicial Officer (OHIO REV. CODE § 2329.39).

**3.7** The sale of the foreclosed property shall require a minimum bid of two-thirds of the appraised value (OHIO REV. CODE § 2329.20).

**3.8** In the event that an initial foreclosure sale results in no minimum bid, or in the event that a case is reinstated to the active docket following resolution of a bankruptcy matter, the plaintiff shall determine whether a

subsequent foreclosure sale should be scheduled.  If a subsequent foreclosure sale is to occur, plaintiff shall file a Motion for Alias Order of Sale.  The motion shall specify whether the property is to be sold using the previous appraisal or whether the property is to be reappraised.   If an additional appraisal is requested, the plaintiff shall deposit with the Clerk a sum equal to the amount of the initial appraisal or, if unknown, $200.

       **3.9**    A deposit, in the form of a Cashier's or certified check payable to the "Clerk U.S. District Court," of 10% of the successful bid up to a maximum of $10,000.00 must be made immediately to the master commissioner at the time of the sale; however, in the event the successful bidder is the plaintiff, no such deposit shall be required.

       **3.10**  The master commissioner shall file a Notice of Deposit of Foreclosure Sale with the Clerk.  The notice shall include the case number, the name of the Judicial Officer, the name and address of the successful bidder, the amount of the sale and the amount of the deposit.  The notice along with the Cashier's or certified check shall be filed with the Clerk within one business day of the sale.  The Clerk shall deposit said sum in the Court's registry account.

       **3.11**  The master commissioner shall collect the outstanding balance due as a result of the sale paid by Cashier's or certified check to "Clerk U.S. District Court," within thirty (30) days from the date of the sale.  If the balance is not paid within thirty (30) days, the purchaser shall be in contempt of court. The master commissioner shall deposit the check along with a Notice of Collection of Foreclosure Sale Proceeds with the Clerk within one (1) business day of collection.

**3.12**   If the debtor has not exercised the right of redemption pursuant to OHIO REV. CODE § 2329.33, the master commissioner shall direct plaintiff's counsel to prepare an Order of Confirmation of Sale and Distribution for submission to the assigned Judicial Officer.   The Order of Distribution shall direct the Clerk to distribute the proceeds of the sale and shall include the name, address and distribution amount of each payee. In the event the deposits as required by Section 3.1 are insufficient to pay the fees of the appraisers and the master commissioner's fee, the additional costs as certified by the master commissioner shall be paid out of the bid price.  The Court will distribute proceeds to lien holder(s) in their proper priority.

**3.13**   Upon entry of the Order of Confirmation of Sale the master commissioner shall direct plaintiff's counsel to prepare the appropriate deed for the sale of the property to the successful bidder according to OHIO REV. CODE § 2329.36.  The Master Commissioner shall sign the deed.

**3.14**   Within 120 days after entry of the Order of Confirmation of Sale the successful bidder shall file a certified copy of the recorded deed with the clerk's office.

IV.   **Writ of Possession**

**4.1**   In the event the successful bidder to whom the property has been conveyed by deed is denied possession of the property, the successful bidder may file a motion for a writ of possession.  The Motion shall be accompanied by a certified copy of the recorded deed to the property.

**4.2**   The Clerk shall notify the Marshal if an Order of Possession is entered.

**4.3** The Marshal shall have the responsibility to deliver possession of the premises to the successful bidder.  The Marshal shall use reasonable procedures to effectuate delivery of possession to the successful bidder and shall certify to the Clerk that delivery has been accomplished.

## V.  Master Commissioner

**5.1** A master commissioner must have experience in foreclosure proceedings and real estate transactions and have prior experience as a fiduciary.

**5.2** The master commissioner shall be paid a fee of $500 per case unless, upon a motion with good cause shown, the Judicial Officer orders otherwise.

## VI.  Appraisers

**6.1** The Clerk's office shall maintain a list of State of Ohio licensed or certified appraisers and shall publish the list on the Court's website for use by the master commissioner.  The list shall be derived from the national registry maintained by the Appraisal Subcommittee of the Federal Financial Institutions Examination Council. The Clerk shall update the list yearly.

**6.2** The master commissioner shall select three State of Ohio licensed or certified appraisers for each property in foreclosure.  The appraisers must reside in the county where the property is located.  If three certified or licensed appraisers are unavailable the Master Commissioner may select any State of Ohio certified or licensed appraiser.

**6.3** The appraisers shall be paid a fee based on the auditor's last tax appraisal of the property as shown by his duplicates and the fees shall be scaled as follows:

- Up to $4,999 tax value, each appraiser ......................................... $40.00

- $5000 to $24,999 tax value, each appraiser .................................. $60.00

- $25,000 to $49,999 tax value, each appraiser ............................... $90.00

- Over $50,000 tax value, each appraiser ...................................... $100.00

- Plus, two dollars for each additional thousand dollars over $50,000 of the

  appraised value, up to a maximum appraisal fee of $200 per appraiser.

**IT IS SO ORDERED.**

FOR THE COURT

_____
James G. Carr
Chief Judge
United States District Court