**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| THE UNION LABOR LIFE INSURANCE COMPANY, a Maryland corporation, on behalf of one or more of its Separate Accounts, | ) ) ) Civil Action No.  25-cv-02042-PAB |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| STATLER CLEVELAND HOLDING, LLC, | ) ) |
| *Defendant*. | ) ELECTRONICALLY FILED |

**PETITION FOR APPOINTMENT OF A RECEIVER**

Petitioner, The Union Labor Life Insurance Company, a Maryland corporation, on behalf of one or more of its Separate Accounts, ("**ULLICO**"), by and through its undersigned counsel, brings this Petition for Appointment of Receiver, and in support thereof states as follows:

**Parties**

1.      Plaintiff, The Union Labor Life Insurance Company, is a corporation organized and existing under the laws of Maryland, with its principal place of business located at 8403 Colesville Road, Silver Spring, Maryland 20910.

2.      Defendant, Statler Cleveland Holding, LLC ("**Statler**") (collectively with ULLICO, the "**Parties**"), is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 127 Public Square, 4000 Key Tower, Cleveland, Ohio 44114.

**The Loan Documents**

3.      On July 15, 2022, the Parties entered into a Loan Agreement pursuant to which ULLICO loaned Statler the original principal amount of $52,000,000 (the "**Loan**"). A true and

correct copy of the Loan Agreement is attached hereto as Exhibit "A" and incorporated by reference as if fully set forth herein.

4.      On July 15, 2022, Statler executed a Promissory Note (the "**Note**") in favor of ULLICO in the original principal amount of $52,000,000. A true and correct copy of the Note is attached hereto as Exhibit "B" and incorporated by reference as if fully set forth herein.

5.      The Note was secured by an Open-End Mortgage, Security Agreement and Fixture Filing dated July 15, 2022, and recorded on July 18, 2022, in the Cuyahoga County Office of Fiscal Officers (the "**Recorder's Office**") at Instrument No. 202207180578 (the "**Mortgage**").  A true and correct copy of the Mortgage is attached hereto as Exhibit "C" and incorporated by reference as if fully set forth herein.

6.      On or about July 15, 2022, Statler also executed an Assignment of Rents, Leases and Profits (the "**Assignment**"), assigning all rents, issues, profits, revenues, royalties, rights, benefits and all license fees, concession fees, charges, rights, benefits and all other payments of any kind and all payments made on account of operating expenses and real estate taxes and other similar items whether categorized as rent, additional rent or otherwise of the Real Property (defined below) to ULLICO.

7.      The Assignment was recorded on July 18, 2022, in the Recorder's Office at Instrument Number 202207180579.  A true and correct copy of the Assignment is attached hereto as Exhibit "D" and incorporated by reference as if fully set forth herein.

8.      The security interest in the Personal Property and Fixtures (defined below) granted by the Mortgage was further secured by a UCC-1 Financing Statement (the "**Financing Statement**").  A true and exact copy of the Financing Statement is attached hereto as Exhibit "E" and incorporated by reference as if fully set forth herein.

9.     The Loan Agreement, Note, Mortgage, Assignment, Guaranty, Financing Statement and all other documents evidencing and securing the Loan shall hereinafter be collectively referred to as the "**Loan Documents**".

### The Collateral Pledged as Security for the Loan

10.    Pursuant to the Mortgage, ULLICO holds a first-priority lien on certain real property located in Cuyahoga County, Ohio, consisting of two parcels, more fully described in Exhibit "F" attached hereto and made a part hereof (the "**Real Property**").

11.    The Mortgage also grants a valid and enforceable first priority lien on, among other things, all personal property and fixtures used on or in connection with the Mortgaged Property, (collectively, the "**Personal Property and Fixtures**") as more particularly described in the Mortgage.

12.    The Note and Mortgage have matured in accordance with their terms and, therefore, the entire unpaid principal balance, accrued interest, and all other sums evidenced by the Note or evidenced or secured by the Mortgage, are due and payable without further notice or demand.

13.    ULLICO has the right to foreclose upon the Real Property and Personal Property and Fixtures (collectively, the "**Property**"), and/or to exercise all other rights and remedies under the Loan Documents.

14.    Pursuant to Ohio law, ULLICO elects to proceed as to the Property in accordance with the rights and remedies available to ULLICO under the Loan Documents.

### Interests of the Parties

15.    ULLICO is the holder of the Note and Mortgage and all other Loan Documents and is the first lien, secured creditor under the Loan Documents with respect to all of the Property.

16.    Statler is the fee owner of the Real Property, and the owner of the Personal Property and Fixtures.

3

17.     There are no remaining grace, notice, or other cure periods available to Statler under the Loan Documents or applicable law.

18.     The Note and Mortgage have matured in accordance with their terms and, therefore, the entire unpaid principal balance, all accrued interest and all other sums evidenced by the Note or evidenced or secured by the Mortgage are due and payable without further notice or demand.

19.     ULLICO has the right to foreclose upon the Property and/or to exercise all other rights, remedies of ULLICO under the Loan Documents and applicable law.

**Defaults**

20.     Various events of default have occurred under the Loan Documents including, *inter alia*, Statler's failure to: (1) make timely payments when due and, in particular, by failing to make the payments due and owing to ULLICO for the period of August 1, 2024 to the present; and (2) repay the entire amount due under Loan and Loan Documents on or before the Maturity Date of January 1, 2025 (collectively, the **"Defaults"**). *See* Ex. A, Loan Agreement ¶ 9.01(A)(B); and Ex. C, Mortgage ¶¶ 5.1.1, 5.1.2, 5.1.6 and 5.1.10.

21.     By reason of the foregoing Defaults, and pursuant to the provisions of the Loan Documents, ULLICO delivered a written notice of default to Statler with respect to the Defaults on or about February 4, 2025 ("**Default Notice 1**"). A true and correct copy of Default Notice 1 is attached hereto as Exhibit "G" and incorporated by reference herein.

22.     Statler has not cured the Defaults.

23.     On or about August 25, 2025, ULLICO sent a second Notice of Default (the "**Default Notice 2**") to Statler with respect to Statler's failure to pay the entire outstanding principal balance of the Loan on or before August 1, 2025. A copy of the Default Notice 2 is attached hereto and marked as Exhibit "H" and incorporated by reference herein.

24.     Statler has failed to cure the Defaults.

4

25.     As of August 14, 2025, Statler's indebtedness to ULLICO under the Loan Documents—exclusive of attorneys' fees and costs which have not yet posted to Statler's account—was $60,741,703.69 (the "**Debt**"). An itemized statement of the Debt as of August 14, 2025, is set forth in Paragraph 31 below and attached hereto as Exhibit "I" and incorporated by reference herein.

## The Complaint

26.     On September 25, 2025, ULLICO filed a Complaint in Mortgage Foreclosure (the "**Complaint**") in the United States District Court for the Northern District of Ohio seeking to foreclose the lien created by the Loan Documents on the Property. *See* ECF No. 1.

27.     As pled in the Complaint, ULLICO also seeks recovery of all costs, fees, and expenses incurred in this action. *Id*.

## The Appointment of a Receiver is Authorized by the Loan Documents

28.     As a result of Statler's Defaults, ULLICO is entitled to the immediate appointment of a receiver with the power to manage, and collect the rents, issues, profits, and income of the Real Property. *See* Ex. C, Mortgage ¶ 6.2.

29.     Section 6.2.1 of Mortgage specifically provides as follows:

> 6.2.1  Appointment of Receiver. During the continuance of an Event of Default, Mortgagee shall be entitled (and, to the extent permitted under the laws of the State of Ohio, without regard to the adequacy of any security for the Secured Obligations and without regard to the solvency of any person, partnership or entity liable for the payment thereof) to the appointment of a receiver or receivers of the Mortgaged Property and of all of the earnings, revenues, rents, issues, profits and income there from, and Mortgagor hereby consents to the appointment of such receiver and agrees that it will not oppose any such appointment; provided, however, that notwithstanding the appointment of any receiver as aforesaid, Mortgagee shall be entitled to retain possession and control of the Mortgaged Property. Such receiver shall have all of the powers and authority permitted by applicable law.

*See* Ex. C, § 6.2.1, Mortgage**.**

30.     The appointment of a receiver is not an extraordinary remedy; it is simply a remedy agreed to by contract, which is routinely enforced by courts and should be enforced in this instance.

31.     In this case, Statler has consented to the appointment of a receiver and has agreed that it will not oppose any such appointment. *See* Ex. C, § 6.2.1, Mortgage, *supra*.

32.     Furthermore, Statler has failed to maintain and secure the Real Property, and the appointment of a receiver is necessary to protect and preserve the Real Property. A proposed scope of services has been prepared to accomplish this result. A copy of the proposed scope of services of Great Lakes Realty, Inc., (the "**Receiver Proposed Scope of Services**") is attached hereto as Exhibit "J" and incorporated by reference herein.

### I.     Applicable Law Supports the Appointment of a Receiver

33.     The Loan Documents are governed by the laws of the State of Ohio.  *See* Ex. A, §11.20, Loan Agreement.

34.     Section 2735.01 of the Ohio Revised Code governs the appointment of receivers:

> A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in cases pending in such courts respectively, in the following cases:
>
> \*\*\*
>
> (2) In an action by a mortgagee, for the foreclosure of the mortgagee's mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, materially injured, diminished in value, or squandered, or that the condition of the mortgage has not been performed, and . . .  (b) [t]he mortgagor has consented in writing to the appointment of a receiver.

35.     When "the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *GE Capital Corp. v. Tartan Fields Golf Club, Ltd.*, 1 N.E.3d 463, 468 (Ohio Ct. App. 5th, 2013). "As a matter of law, a contract is

unambiguous if it can be given a definite legal meaning." *Id*. (citing *Sunoco, Inc. (R & M) v. Toledo Edison, Co*., N.E.2d 285, ¶ 37) (Ohio, 2011)) (internal citations omitted).

36.     A "receivership can be awarded upon the terms of a contractual agreement." *City Nat'l Bank v. WBP Invs., LLC*, 2011-Ohio-6129 at *P12 (Ohio Ct. App. 10th, 2011) citing *Bank One, Columbus, NA v. O'Brien*, 1991 Ohio App. LEXIS 6391 at *15 (Ohio Ct. App. 10th, 1991).

37.     The Loan Documents clearly contemplate the appointment of a receiver upon an Event of Default. *See* Ex. C, § 6.2.1, Mortgage.

38.     It is undisputed that multiple Defaults have occurred under the Loan Documents. This includes, but is not limited to, the payment default and maturity default, none of which have been cured. *Supra*, at ¶¶ 20-24; *and* ECF No. 1 at ¶¶ 20-26.

39.     ULLICO's right to a receiver under the Loan Documents is free from doubt due to the existing and continuing Defaults. *Id*.

40.     Because Statler, has consented in the Mortgage to the appointment of a receiver upon an Event of Default, O.R.C. 2735.01(A)(2)(b) has been satisfied, and a receiver may be appointed.

41.     Applying the above criteria to the facts and circumstances of the instant case, Great Lakes Realty, Inc., should be appointed as receiver for the Real Property (the "**Receiver**").

42.      Furthermore, due to the size the Real Property and the fact that Real Property has numerous vacancies, a Receiver is clearly required to secure the property and prevent it from waste.

43.     Moreover, ULLICO has now commenced the foreclosure process by filing the Complaint, and it is only a matter of time before Statler will be dispossessed of its interest in the Property. As a result, Statler has little, if any, incentive to comply with its future obligations with

respect to the Real Property under the Loan Documents and/or to secure new tenants for the Real Property.

44. Appointing the Receiver will not substantially injure or interfere with the rights of creditors or members. As noted above, ULLICO has now commenced the foreclosure process and it is only a matter of time before Statler will be dispossessed of its interest in the Real Property. Further, creditors of Statler and all tenants will benefit from the appointment of Great Lakes Realty, Inc., as Receiver since it will provide the Real Property with stability during the foreclosure process and ensure that the Real Property is adequately operated, maintained, protected and repaired.

45. Upon information belief, greater damage will result if a Receiver is **not** appointed to protect and manage the Real Property.

46. Accordingly, this Court should grant this Petition and appoint Shannon Valenti and Great Lakes Realty, Inc., as Receiver.

## II. **Proposed Receiver Is Qualified to Serve As Receiver.**

47. Shannon Valenti and Great Lakes Realty, Inc., serve a diverse range of clients with institutional grade property management of multifamily properties.

48. Shannon Valenti and Great Lakes Realty, Inc., have years of experience managing multifamily properties in Ohio, and have served as a receiver in a multitude of legal proceedings in a number of state and federal courts.

49. As Receiver, Shannon Valenti and Great Lakes Realty, Inc., will oversee and provide the Real Property with a local property management team that has experience managing multifamily properties in the Ohio market.

50. Shannon Valenti and Great Lakes Realty, Inc., are aptly qualified and well suited

8

to serve as Receiver for the Real Property.

51.     ULLICO requests that Shannon Valenti and Great Lakes Realty, Inc., be appointed as Receiver pursuant to the terms set forth in the Proposed Order filed contemporaneously hereto.

52.     A copy of the Proposal to provide receivership and property management services ( the "**Receiver Proposal**") is attached hereto as Exhibit K and incorporated by reference herein.

**III.     The Proposed Bond.**

53.     Ohio Rules of Civil Procedure 2735.03 requires a plaintiff seeking a receiver to file a bond, in such sum as the Court or Judge directs.

54.     ULLICO submits that such bond be for a *de minimis* amount and suggests a bond in the amount of $100.00.  The Real Property will not suffer any diminution in value as a result of the appointment of the Receiver and there is no risk to Statler as a result of the appointment.  To the contrary, the appointment of the Receiver shall preserve and increase the value of the asset.

WHEREFORE, Plaintiff, The Union Labor Life Insurance Company, requests this Honorable Court to enter the Order Appointing Receiver for the Real Property filed contemporaneously with this Petition.

Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP

*/s/ Jason M. Yarbrough*
Jason M. Yarbrough
Ohio ID #0096217
jmy@muslaw.com

Robert E. Dauer, Jr.
PA ID #61699
*Pending Pro Hac Vice Admission*
red@muslaw.com

600 Grant Street, 50th Floor
Pittsburgh, PA 15219
Telephone: (412) 456-2800

ATTORNEYS FOR PLAINTIFF

Dated: May 19, 2026

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within **PETITION FOR APPOINTMENT OF RECEIVER** shall be served via email and regular first class U.S. Mail, upon the following as addressed:

Leo M. Spellacy, Jr., Esq.
THRASHER DINSMORE & DOLAN
1282 West 58th Street
Cleveland, OH 44102
lspellacy@tddlaw.com

Date: May 19, 2026                    */s/ Jason M. Yarbrough*
                                       Robert E. Dauer, Jr.
                                       Jason M. Yarbrough

                                       ATTORNEYS FOR PLAINTIFF

4899-8705-6234, v. 1