# EXHIBIT B

**PROMISSORY NOTE**

Cleveland, Ohio
$52,000,000.00
July 15, 2022

For value received, the undersigned, **STATLER CLEVELAND HOLDING, LLC,** a Delaware limited liability company (hereinafter referred to as "Maker"), hereby promises to pay to the order of **THE UNION LABOR LIFE INSURANCE COMPANY,** a Maryland corporation, on behalf of one or more of its Separate Accounts (hereinafter referred to as "Payee"), on the Maturity Date of the hereinafter defined Loan Agreement, at the principal office of Payee at 8403 Colesville Road, Thirteenth Floor, Silver Spring, Maryland 20910-6331 (or at such other place as Payee may from time to time designate in writing), in immediately available funds, the principal sum of Fifty Two Million and No/100 Dollars ($52,000,000.00), together with interest on the principal amount of the Loan from time to time outstanding hereunder at the rates, and payable in the manner and on the dates, specified in the Loan Agreement.

This Note is the Note referred to in the Loan Agreement dated as even date herewith by and between Maker and Payee (such Loan Agreement, as the same may be amended or modified from time to time, including amendments and restatements thereof in its entirety, is referred to herein as the "Loan Agreement"), and this Note and the holder hereof are entitled to all the benefits and security provided for thereby or referred to therein, to which Loan Agreement reference is hereby made for a statement thereof. All defined terms used in this Note, except terms otherwise defined herein, shall have the same meaning as in the Loan Agreement.

Voluntary prepayments may be made hereon, certain prepayments are required to be made hereon, and this Note may be declared due prior to the expressed maturity hereof, all in the events, on the terms and in the manner as provided for in the Loan Agreement.

The parties hereto intend and believe that each provision in this Note comports with all applicable local, state and federal laws and judicial decisions. However, if any provision or provisions, or if any portion of any provision or provisions, in this Note is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law, administrative or judicial decision, or public policy, and if such court should declare such portion, provision or provisions of this Note to be illegal, invalid, unlawful, void or unenforceable as written, then it is the intent of all parties hereto that such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Note shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein, and that the rights, obligations and interest of Maker and the holder or holders hereof under the remainder of this Note shall continue in full force and effect. All agreements herein are expressly limited so that in no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof, acceleration of maturity of the unpaid principal balance hereof following the occurrence and during the continuance of an Event of Default, or otherwise, shall the amount paid or agreed to be paid to the holders hereof for the use, forbearance or

- 1 -

detention of the money to be advanced hereunder exceed the highest lawful rate permissible under applicable usury laws.  If, from any circumstances whatsoever, the fulfillment of any provision hereof, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, then, *ipso facto*, the obligation to be fulfilled shall be reduced to the limit of such validity and if from any circumstance the holder hereof shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to the reduction of the unpaid principal balance due hereunder and not to the payment of interest.

The Applicable Interest Rate shall be increased by one-eighth of one percent (1/8%) per annum and the monthly payments under the Loan Agreement shall be adjusted accordingly immediately upon each Event of Default arising out of the violation or breach by Maker of its obligations under Section 8.17 of the Loan Agreement, which is incorporated herein.

The outstanding principal balance of this Note shall be increased by Two Thousand and No/100 Dollars ($2,000.00) upon each failure of Maker or Guarantor to deliver each financial statement, certificate, document, statement or summary required under the Mortgage (as hereinafter defined), the Loan Agreement or any other Loan Document when due, which failure is not cured within ten (10) Business Days after receipt of Notice thereof from Payee to Maker. Such increase shall be due and payable upon the maturity of this Note, whether on the Maturity Date, by acceleration or otherwise.

This Note has been delivered to and accepted by Lender and will be deemed to be made in the State of Ohio.  **THIS NOTE WILL BE INTERPRETED AND THE RIGHTS AND LIABILITIES OF LENDER AND BORROWER DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF OHIO, EXCLUDING ITS CONFLICT OF LAWS RULES.**  Borrower hereby irrevocably consents to the exclusive jurisdiction of any state or federal court in Cuyahoga County, Ohio; provided that nothing contained in this Note will prevent Lender from bringing any action, enforcing any award or judgment or exercising any rights against Borrower individually, against any security or against any property of Borrower within any other county, state or other foreign or domestic jurisdiction.  Borrower acknowledges and agrees that the venue provided above is the most convenient forum for Lender and Borrower. Borrower waives any objection to venue and any objection based on a more convenient forum in any action instituted under this Note.

## WARRANT OF ATTORNEY

**BORROWER AUTHORIZES ANY ATTORNEY AT LAW TO APPEAR IN ANY COURT OF RECORD IN THE STATE OF OHIO OR IN ANY OTHER STATE OR TERRITORY OF THE UNITED STATES OF AMERICA AFTER THE LOAN EVIDENCED BY THIS NOTE BECOMES DUE, WHETHER BY ACCELERATION OR OTHERWISE, TO WAIVE THE ISSUING AND SERVICE OF PROCESS, AND TO CONFESS JUDGMENT AGAINST BORROWER IN FAVOR OF LENDER FOR THE**

4891-6842-5763, v. 2

AMOUNT THEN APPEARING DUE ON THIS NOTE, TOGETHER WITH COSTS OF SUIT, AND THEREUPON TO WAIVE ALL ERRORS AND ALL RIGHTS OF APPEAL AND STAYS OF EXECUTION.  BORROWER WAIVES ANY CONFLICT OF INTEREST THAT AN ATTORNEY HIRED BY LENDER MAY HAVE IN ACTING ON BORROWER'S BEHALF IN CONFESSING JUDGMENT AGAINST BORROWER WHILE SUCH ATTORNEY IS RETAINED BY LENDER. BORROWER EXPRESSLY CONSENTS TO SUCH ATTORNEY ACTING FOR BORROWER IN CONFESSING JUDGMENT AND TO SUCH ATTORNEY'S FEE BEING PAID BY LENDER OR DEDUCTED FROM THE PROCEEDS OF COLLECTION OF THIS NOTE OR COLLATERAL SECURITY THEREFOR.

<u>WAIVER OF JURY TRIAL</u>

BORROWER ACKNOWLEDGES AND AGREES THAT THERE MAY BE A CONSTITUTIONAL RIGHT TO A JURY TRIAL IN CONNECTION WITH ANY CLAIM, DISPUTE OR LAWSUIT ARISING BETWEEN OR AMONG BORROWER, LENDER, BUT THAT SUCH RIGHT MAY BE WAIVED.  ACCORDINGLY, BORROWER AGREES THAT, NOTWITHSTANDING SUCH CONSTITUTIONAL RIGHT, IN THIS COMMERCIAL MATTER, BORROWER BELIEVES AND AGREES THAT IT SHALL BE IN ITS BEST INTERESTS TO WAIVE SUCH RIGHT, AND, ACCORDINGLY, HEREBY WAIVES SUCH RIGHT TO A JURY TRIAL, AND FURTHER AGREES THAT THE BEST FORUM FOR HEARING ANY CLAIM, DISPUTE, OR LAWSUIT, IF ANY, ARISING IN CONNECTION WITH THIS AGREEMENT, THE LOAN DOCUMENTS, OR THE RELATIONSHIP AMONG BORROWER, LENDER, AND ANY OTHER PARTY TO THE LOAN DOCUMENTS, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, OR WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE, SHALL BE A COURT OF COMPETENT JURISDICTION SITTING WITHOUT A JURY.

The provisions of Article 12 of the Loan Agreement entitled "Limitations on Recourse" are hereby incorporated herein by reference into this Note to the same extent and with the same force as if fully set forth herein.

[SIGNATURE PAGE TO FOLLOW]

- 3 -

*[signature page to Promissory Note]*

Borrower has executed this Note in Cuyahoga County, Ohio and has executed and delivered this Note as of the day and year first set forth above.

WARNING – BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL.  IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON ITS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.

STATLER CLEVELAND HOLDING, LLC, a Delaware limited liability company

By:    STATLER CLEVELAND, LLC, an Ohio limited liability company and the Sole Member of Statler Cleveland Holding, LLC

        By:    STATLER CLEVELAND INVESTMENT, LLC, an Ohio limited liability company and the Managing Member of Statler Cleveland, LLC

        By:_____
            Frank T. Sinito,
            Managing Member

STATE OF OHIO                    )

                                      )   ss:

COUNTY OF CUYAHOGA       )

On this, the __13__ day of July, 2022, before me, a Notary Public, personally appeared **FRANK T. SINITO**, who acknowledged himself to be the Managing Member of **STATLER CLEVELAND INVESTMENT, LLC**, an Ohio limited liability company, which is the Managing Member of **STATLER CLEVELAND, LLC**, an Ohio limited liability company, which is the sole Member of **STATLER CLEVELAND HOLDING, LLC**, a Delaware limited liability company, and that he as such Managing Member, being authorized to do so, executed the foregoing instrument for the purposes therein contained, by signing the name of such entity by himself as such Managing Member.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

JANE LUDWIG
Notary Public
State of Ohio
My Comm. Expires
October 25, 2025

_____
Notary Public

MY COMMISSION EXPIRES: October 25, 2025