# EXHIBIT E

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Matthew D. Whitworth, Esq.

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Matthew D. Whitworth, Esq.
Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222

Delaware Department of State
U.C.C. Filing Section
Filed: 04:10 PM 07/20/2022
U.C.C. Initial Filing No: 2022 6071815

Service Request No:   20223042098

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| STATLER CLEVELAND HOLDING, LLC | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 127 Public Square, 4000 Key Tower | Cleveland | OH / 44114-1309 | |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| | | | |

**3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):** Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| THE UNION LABOR LIFE INSURANCE COMPANY | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 8403 Colesville Road, 13th Floor | Silver Spring | MD / 20910 | |

**4. COLLATERAL:** This financing statement covers the following collateral:

All items of personalty, equipment, fixtures and other property described on Exhibit "B" attached hereto and made a part hereof by reference, which are now or hereafter located on or used in connection with the real property described on Exhibit "A" attached hereto and made a part hereof by reference, together with all rents, issues, profits and income now or hereafter derived from said real property.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
Secretary of State of the State of Delaware

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

EXHIBIT "A"
LEGAL DESCRIPTION

Parcel No. 1: (Fee Simple)

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being part of Sublot Nos. 62 and 63 in John M. Woolsey's Subdivision of part of Original Two Acre Lot Nos. 156, 157 and 158, as shown by the recorded plat in Volume "N" of Deeds, Page 486 of Cuyahoga County Records, bounded and described as follows:

Beginning on the northerly line of Euclid Avenue (99.00 feet wide) at its intersection with the westerly line of East 12th Street (formerly Muirson Street) (60.40 feet wide);

Thence South 79° 35' 51" west along said northerly line of Euclid Avenue 168.82 feet to the southeasterly corner of land conveyed to the Trebmal Construction Co. by deed recorded in Volume 83-0853, Page 17 of Cuyahoga County Records;

Thence North 10° 35' 39" west along the easterly line of land so conveyed to the Trebmal Construction Co. and the northerly prolongation thereof, 150.00 feet to a point;

Thence North 79° 35' 42" east 64.80 feet to a point on the westerly line of land conveyed to The Cleveland Trust Company by deed dated May 31, 1927 and recorded in Volume 3567, Page 349 of Cuyahoga County Records;

Thence North 10° 36' 09" west along said line, 169.58 feet to a point in the southeasterly line of Hickory Court, N.E. (15.12 feet wide);

Thence North 55° 48' 21" east along the southeasterly line of Hickory Court, N.E., 113.48 feet to a point in the westerly line of aforementioned East 12th Street;

Thence South 10° 36' 09" east along the westerly line of said East 12th Street, 365.36 feet to the point of beginning and containing 1.0408 acres of land as calculated and described by The North Coast Engineering and Surveying Co., Inc., in November of 1998, be the same more or less, but subject to all legal highways.

NOTE: The above premises is further known as the Apartment Parcel in the Plat of Consolidation of Statler Arms, Inc. as shown by the recorded plat in Volume 301 of Maps, Page 78 of Cuyahoga County Records.

Parcel No. 2: Appurtenant Rights

A.     Together with a nonexclusive perpetual easement for the use of the elevator and stairwell in the garage; a nonexclusive perpetual easement for access to and the use of all underground facilities serving the building located on the apartment parcel including without limitation all utility lines, pipes, ducts, equipment and facilities located on, under or over the garage parcel; a nonexclusive perpetual easement for the use of the access and service drive which extends from Hickory Court through the rear portion of the garage; a nonexclusive and perpetual easement to perform all necessary maintenance to the apartment building wall and to make penetrations into and through the garage wall for the purpose of allowing direct access from the apartment building to each floor of the garage and a nonexclusive perpetual easement to the use of the air rights above the top level of the garage for the purpose of maintaining and repairing the portions of the wall of the apartment building which extend above the top level of the garage all as reserved in the Warranty Deed from Statler Arms, Inc., an Ohio corporation to Statler Arms Garage, Inc., an Ohio corporation, dated April 27, 1999, filed for record September 21, 1999, and being Cuyahoga County Recorder's AFN 199909210866.

B.     Together with a License Agreement for Use of Ballroom by and between Statler Arms Garage, Inc., an Ohio corporation ("Original Licensor"), and Statler Arms, Inc., an Ohio corporation ("Original Licensee"), dated August 13, 1999, filed for record September 21, 1999, and being Cuyahoga County Recorder's AFN 199909210869; as assigned by Original Licensee to PAMI Statler Arms, LLC, a Delaware limited liability company ("PAMI"), by Assignment and Assumption of License Agreements, dated May 8, 2006, filed for record May 10, 2006, and being Cuyahoga County Recorder's AFN 200605100708; as modified by Amendment of License Agreement and Stipulation Settlement, dated September 23, 2008, filed for record June 3, 2011 as Instrument No. 201106030167 of Cuyahoga County, Ohio records; as assigned by PAMI to Statler Arms L/CAL LLC, a Delaware limited liability company ("L/CAL"), by unrecorded Assignment and Assumption of License Agreements, dated May 23, 2012; as consented to by HH Cleveland Statler L.P., an Ohio limited partnership ("Licensor"), successor in interest to Original Licensor, by Consent to Assignment and Assumption of License Agreements, dated December 16, 2016, filed for record December 28, 2016 as Instrument No. 201612280380 of Cuyahoga County, Ohio records; as consented to by Licensor, by unrecorded Consent to Assignment and Assumption of License Agreements, dated November 29, 2017; as assigned by L/CAL to Statler Cleveland Holding, LLC, a Delaware limited liability company ("Licensee"), by Assignment and Assumption of License Agreements filed in Cuyahoga County, Ohio records.

C.     Together with a License Agreement for Use of Parking Spaces in Garage by and between Statler Arms Garage, Inc., an Ohio corporation ("Original Licensor"), and Statler Arms, Inc., an Ohio corporation ("Original Licensee"), dated August 13, 1999, filed for record September 21, 1999, and being Cuyahoga County Recorder's AFN 199909210870, as assigned by Original

Licensee to PAMI Statler Arms, LLC, a Delaware limited liability company ("PAMI"), by Assignment and Assumption of License Agreements, dated May 8, 2006, filed for record May 10, 2006, and being Cuyahoga County Recorder's AFN 200605100708; as modified by Amendment of License Agreement and Stipulation Settlement, dated September 23, 2008, filed for record June 3, 2011 as Instrument No. 201106030167 of Cuyahoga County, Ohio records; as assigned by PAMI to Statler Arms L/CAL LLC, a Delaware limited liability company ("L/CAL"), by unrecorded Assignment and Assumption of License Agreements, dated May 23, 2012; as consented to by HH Cleveland Statler L.P., an Ohio limited partnership ("Licensor"), successor in interest to Original Licensor, by Consent to Assignment and Assumption of License Agreements, dated December 16, 2016, filed for record December 28, 2016 as Instrument No. 201612280380 of Cuyahoga County, Ohio records; as consented to by Licensor, by unrecorded Consent to Assignment and Assumption of License Agreements, dated November 29, 2017; as assigned by L/CAL to Statler Cleveland Holding, LLC, a Delaware limited liability company ("Licensee"), by Assignment and Assumption of License Agreements filed in Cuyahoga County, Ohio records.

D.    Together with the right to construct a hoist as set forth in City of Cleveland Ordinance No. 107802.

## EXHIBIT "B"

All right, title and interest of Debtor in and to:

(i)     All improvements of every kind and description (hereinafter collectively referred to as the "Improvements") heretofore or hereafter erected or placed on the property described in Exhibit "A" attached hereto and made a part hereof (hereinafter referred to as the "Real Estate"), and all equipment, apparatus, furnishings, furniture, machinery, fixtures of every kind and nature whatsoever (the "Personal Property") now or hereafter located in and about said Improvements, including without limitation all fixtures, fittings, appliances, apparatus, equipment, machinery, furnishings and articles of personal property now or hereafter attached or affixed to, placed upon or used in any way in connection with the use, enjoyment, operation or occupancy of the Improvements, including without limitation all landscaping and gardening equipment, all heating and incinerating apparatus and equipment whatsoever, all boilers, engines, motors, dynamos, generating equipment, piping and plumbing fixtures, ranges, cooking utensils and apparatus and mechanical kitchen equipment, refrigerators, cooling, ventilating, sprinkling and vacuum cleaning systems, fire extinguishing and prevention apparatus, gas and electrical fixtures, elevators, escalators, partitions, lockers, cabinets, window coverings and all hardware therefor, carpeting and other floor coverings, lighting fixtures, lamps and office furniture, window shades, blinds, screens, storm sashes, awnings, furnishings of public spaces, halls and lobbies and shrubbery and plants (the Real Estate, the Improvements and the Personal Property being collectively referred to herein as the "Premises"); provided, however that the term "Personal Property" shall specifically exclude any personal property owned by tenants of the Premises;

(ii)    All easements, rights, privileges, appurtenances, air rights and development rights now or hereafter belonging or in any wise appertaining to the Premises, and all of the estate, right, title, interest, claim or demand whatsoever, either in law or in equity, in possession or expectancy of Debtor therein and in the streets and ways, open or proposed, adjacent thereto, and in and to all strips and gores, vaults, alleyways, sidewalks and passages used in connection with the Premises;

(iii)    All working capital and other similar accounts (including without limitation reserves for the replacement of Personal Property), and all inventory accounts, accounts receivable, contract rights, general intangibles, chattel paper, instruments, documents, notes, drafts, letters of credit and insurance policies arising from or related to the Premises and including all replacements and substitutions for, or additions to, all products and proceeds of any of the foregoing;

(iv)    All agreements, contracts, certificates, instruments and other documents, now or hereafter entered into, pertaining to the construction, operation or management of the Premises;

(v)    All unearned premiums accrued or to accrue under all insurance policies for the Premises obtained by Debtor, all proceeds of the conversion, voluntary or involuntary, of any of

the foregoing into cash or liquidated claims, proceeds of insurance and condemnation awards, and all rights of Debtor to refunds of real estate taxes and assessments;

(vi)    All trade names, trademarks and service marks now or hereafter used in connection with the Premises or any part thereof or any other part of the Premises, together with good will appurtenant thereto;

(vii)    All computer software, books, records and files of or relating to the Premises now or hereafter maintained by Debtor or for its account, to the extent owned by Debtor;

(viii)    All awards and claims for damages made and to be made for the taking by eminent domain of the whole or any part of the Premises, including without limitation any awards for change of grade of streets;

(ix)    All licenses, permits, and warranties attributable or allocable to all or any portion of the Premises, both real and personal; and

(x)    All mineral, water, oil and gas rights and privileges and royalties pertaining to the Premises.

EXHIBIT "B" Page 2