# EXHIBIT G

**Ullico Investment
Advisors, Inc.
Real Estate Debt
Group**

8403
Colesville Road
Silver Spring, MD
20910

**ULLICO.COM**

February 4, 2025

**VIA FEDERAL EXPRESS**

Statler Cleveland Holding, LLC
127 Public Square, 4000 Key Tower
Cleveland, Ohio 44114-1309
Attn: Frank T. Sinito

Baker & Hostetler LLP
Key Tower, 127 Public Square
Suite 2000
Cleveland, OH 44114
Attn: George Skupski, Esq.

RE:  First Mortgage Loan from The Union Labor Life Insurance Company, a Maryland corporation on behalf of one or more of its Separate Accounts ("Lender"), to Statler Cleveland Holding, LLC, a Delaware limited liability company ("Borrower"), in the original principal amount of Fifty Two Million and No/100 Dollars ($52,000,000.00) (the "Loan"), secured by that certain real property and the apartment building thereon erected commonly known as The Statler, situate in the City of Cleveland, Cuyahoga County, Ohio (collectively, the "Property")

In connection with the above referenced Loan, Borrower executed and delivered to Lender, *inter alia*, (i) that certain Promissory Note dated as of July 15, 2022 in the original principal amount of Fifty Two Million and No/100 Dollars ($52,000,000.00) (the "Note"), (ii) that certain Loan Agreement dated as of July 15, 2022 (the "Loan Agreement"), and (iii) that certain Open-End Mortgage, Security Agreement and Fixture Filing dated as of July 15, 2022, as recorded as Instrument No. 202207180578 of the Cuyahoga County, Ohio records (the "Mortgage").

As security for the above referenced Loan, Frank T. Sinito ("Guarantor") executed and delivered to Lender, *inter alia*, that certain Guaranty and Suretyship Agreement dated as of July 15, 2022 (the "Guaranty").



INSURANCE I INVESTMENTS

Capitalized terms used in this letter (this "Letter"), and not otherwise expressly defined in this Letter, shall have the meanings ascribed thereto in the Loan Agreement.

Pursuant to Section 3.01(a) of the Loan Agreement, Borrower is required to pay on the first (1st) day of each calendar month of the term of the Loan, interest accrued on the outstanding principal balance of the Loan at the Applicable Interest Rate.

Please be advised that Borrower has failed to make the required monthly payments of interest due and payable since August 1, 2024.  Section 9.01A of the Loan Agreement provides that Borrower's failure to pay any regularly scheduled installment of principal or interest due under the Loan Documents within five (5) days after the date when the same shall be due and payable shall constitute an Event of Default under the Loan Agreement.

In addition, as permitted pursuant to the terms of the Mortgage, Lender made a protective advance in the amount of $160,866.84 to pay real estate taxes which were due and payable and which had not been paid by Borrower.  Such protective advance has been added to the outstanding principal balance of the Loan and shall accrue interest at the Default Rate as provided in the Loan Documents.  Written notice of such protective advance was provided by Lender to Borrower as of January 9, 2025, and Borrower has failed to reimburse Lender for such amount as of the date hereof.  Section 9.01B of the Loan Agreement provides that Borrower's failure to pay any amounts due under the Loan Documents (excluding regularly scheduled installments of interest and principal) within ten (10) Business Days after Notice thereof to Borrower shall constitute an Event of Default under the Loan Agreement.

This letter shall constitute formal notice that an Event of Default exists under the Loan and the Loan Documents as a result of (i) Borrower's failure to pay the monthly installments of interest as provided above, and (ii) Borrower's failure to pay to Lender the amount of the protective advance made by Lender, together with interest at the Default Rate thereon.  Demand is hereby made that Borrower immediately pay to Lender all accrued and unpaid interest, all accrued late charges, and the amount of the protective advance made by Lender, all in accordance with the invoices attached hereto and made a part hereof.

Lender hereby expressly reserves all rights and remedies under the Note, the Loan Agreement, the Mortgage, the Guaranty and all other Loan Documents, and all of its rights and remedies it may have in law or in equity against Borrower and/or Guarantor, including but not limited to the right to confess judgment for a monetary judgment and/or possession of the Property, the right to seek the appointment of a receiver with respect to the Property, and the right to the imposition of late charges and/or the accrual of interest at the Default Rate, all as more specifically set forth in the Loan Agreement, the Mortgage and the other Loan Documents.

Any failure by Lender to insist upon strict performance by Borrower and/or Guarantor of any of the terms and provisions of the Loan Documents shall not constitute (i) a waiver, amendment or modification of the Note, the Loan Agreement, the Mortgage, the Guaranty or any of the other Loan Documents, (ii) a waiver of any Default or Event of Default under the Note, the Loan Agreement, the Mortgage, the Guaranty or any other Loan Document, (iii) a waiver of any rights and remedies Lender may have thereunder, or (iv) any extension or implied extension of the Maturity Date of the Loan or any scheduled monthly installment of interest due and payable under the Loan Agreement.

Very truly yours,

**LENDER:**
THE UNION LABOR LIFE INSURANCE COMPANY, a
Maryland corporation, on behalf of one or more of
its Separate Accounts

By:_____

    Name:___Jonathan McKetney_____

    Title:_____Vice President_____