# EXHIBIT H

**Ullico Investment Advisors, Inc.**
**Real Estate Debt Group**

**Herbert A. Kolben**
**Senior Vice President**
**202.682.7923**
**hkolben@ullico.com**

8403 Colesville Road
Silver Spring, MD 20910

**ULLICO.COM**

August 25, 2025

**VIA UPS OVERNIGHT**

Statler Cleveland Holding, LLC
127 Public Square, 4000 Key Tower
Cleveland, Ohio 44114-1309
Attn: Frank T. Sinito

Baker & Hostetler LLP
Key Tower, 127 Public Square
Suite 2000
Cleveland, OH 44114
Attn: George Skupski, Esq.

RE:     First Mortgage Loan from The Union Labor Life Insurance Company, a Maryland corporation on behalf of one or more of its Separate Accounts ("Lender"), to Statler Cleveland Holding, LLC, a Delaware limited liability company ("Borrower"), in the original principal amount of Fifty Two Million and No/100 Dollars ($52,000,000.00) (the "Loan"), secured by that certain real property and the apartment building thereon erected commonly known as The Statler, situate in the City of Cleveland, Cuyahoga County, Ohio (collectively, the "Property")

In connection with the above referenced Loan, Borrower executed and delivered to Lender, *inter alia*, (i) that certain Promissory Note dated as of July 15, 2022 in the original principal amount of Fifty Two Million and No/100 Dollars ($52,000,000.00) (the "Note"), (ii) that certain Loan Agreement dated as of July 15, 2022 (the "Loan Agreement"), and (iii) that certain Open-End Mortgage, Security Agreement and Fixture Filing dated as of July 15, 2022, as recorded as Instrument No. 202207180578 of the Cuyahoga County, Ohio records (the "Mortgage").

As security for the above referenced Loan, Frank T. Sinito ("Guarantor") executed and delivered to Lender, *inter alia*, that certain Guaranty and Suretyship Agreement dated as of July 15, 2022 (the "Guaranty").



INSURANCE | INVESTMENTS

Capitalized terms used in this letter (this "Letter"), and not otherwise expressly defined in this Letter, shall have the meanings ascribed thereto in the Loan Agreement.

Pursuant to Section 2.06 of the Loan Agreement, Borrower was required to pay the entire outstanding principal balance of the Loan, together with all accrued and unpaid interest and all other amounts due and owing under the Loan Documents, on or before August 1, 2025 (the "Maturity Date").

Please be advised that Borrower has failed to pay the entire outstanding principal balance of the Loan, together with all accrued and unpaid interest and all other amounts due under the Loan, including but not limited to all protective advances previously made by Lender with respect to the Property, on or before the Maturity Date.  Section 9.01A of the Loan Agreement provides that Borrower's failure to pay the Loan on or before the Maturity Date constitutes an Event of Default under the Loan Agreement.

This letter shall constitute formal notice that an Event of Default exists under the Loan and the Loan Documents as a result of Borrower's failure to pay the Loan as of the Maturity Date.  Demand is hereby made that Borrower immediately pay to Lender the entire outstanding principal balance of the Loan, together with all accrued and unpaid interest and all other amounts due under the Loan, including but not limited to all protective advances previously made by Lender with respect to the Property.  A statement setting forth all such outstanding amounts as of the date hereof is attached hereto and made a part hereof as Exhibit "A".

Lender hereby expressly reserves all rights and remedies under the Note, the Loan Agreement and all other Loan Documents, and all of its rights and remedies it may have in law or in equity against Borrower and Guarantor, including but not limited to the right to confess judgment for a monetary judgment and/or possession of the Property, the right to institute a foreclosure action against the Property, the right to seek the appointment of a receiver with respect to the Property, and the right to the imposition of late charges and/or the accrual of interest at the Default Rate, all as more specifically set forth in the Loan Agreement, the Mortgage and the other Loan Documents.

Any failure by Lender to insist upon strict performance by Borrower and/or Guarantor of any of the terms and provisions of the Loan Documents shall not constitute (i) a waiver, amendment or modification of the Note, the Loan Agreement, the Mortgage, the Guaranty or any of the other Loan Documents, (ii) a waiver of any Default or Event of Default under the Note, the Loan Agreement, the Mortgage, the Guaranty or any other Loan Document, (iii) a waiver of any rights and remedies Lender may have thereunder, or (iv) any extension or implied extension of the Maturity Date of the Loan or any scheduled monthly installment of interest due and payable under the Loan Agreement.

Very truly yours,

Herbert A. Kolben
Senior Vice President

2

**LENDER:**
THE UNION LABOR LIFE INSURANCE COMPANY, a
Maryland corporation, on behalf of one or more of its
Separate Accounts


By: _Herbert A. Kolben_____
    Name:_____Herbert A. Kolben_____
    Title:_____Senior Vice President_____

## Exhibit A

**Borrower** STATLER CLEVELAND HOLDINGS LLC
**Date Prepared** 8/25/2025
**Calculated to:** 7/1/2024-8/25/2025

| Loan # | Principal Due | Interest at Note Rate to 7/1/2024-8/6/2024 | Interest at Default Rate from 8/6/24-9/19/2024 | Interest at Default Rate from 9/19/2024-11/8/2024 | Interest at Default Rate from 11/8/2024-12/19/2024 | Interest at Default Rate from 12/19/2024-8/22/2025 | Late Charges Due 8/6/2024-8/25/2025 | Total Due |
|---|---|---|---|---|---|---|---|---|
| 90659 | $52,000,000.00 | $299,000.00 | $858,000.00 | $947,555.55 | $755,083.33 | $4,513,888.89 | $441,891.67 | $59,815,419.44 |
| 90659-1 (Protective Adv.) | $504,854.94 | $0.00 | $2,749.85 | $2,904.54 | $2,335.92 | $28,473.40 | $2,187.82 | $543,506.48 |
| **Total Recap** | **$52,504,854.94** | **$299,000.00** | **$860,749.85** | **$950,460.09** | **$757,419.25** | **$4,542,362.29** | **$444,079.49** | **$60,358,925.92** |